United States District Court
Eastern District of Virginia
Norfolk Division

FILED
SEP -6 2011
CLERK, US DISTRICT COURT
NEWPORT NEWS, VA

La'Shan Denerice Johnson
Defendant/Petitioner

vs

The United States of America
Plaintiff/Respondent

Case Number: 4:10CR111

Motion Under 28 USC § 2255 To Vacate, or Correct Sentence by A Person in Federal Custody

## M/C MEMORANDUM AND AUTHORITIES IN SUPPORT OF § 2255 PETITION

Comes now Petitioner, La'Shan D. Johnson, Pro-Se Petitioner. Johnson was charged with Wire Fraud a violation of 18:USC §1343 and Aggravated Identity Theft of 1028A(A)(1);(C) and was sentenced to a term of 51 months imprisonment with a Petition for 28 USC § 2255 requesting this court to vacate, set aside, or correct sentence by a person in federal custody based on the recent Skilling, Black, and Weyharaugh vs. United States of America Cases.

The Supreme Court ruling on June 24, 2010, the "Anti-Fraud Law" 18 USC 1341, 1343, and 1346 in Skilling vs United States, Black vs. United States, and Weyharaugh vs. United States. The Supreme Court determined that the Honest Services Fraud Law, 18 USC §1341, 18 USC §1343, 18 USC §1346, may only be used to prosecute Briberies and Kickbacks.

On July 1, 2010 Petitioner La'Shan D. Johnson claims the Wire Fraud conviction under 18 USC §1343 is invalid in light of the recent case law. Those types of claims are properly brought in a motion to vacate, set aside, or correct sentence pursuant under 28 USC § 2255.

-1-

# JURISDICTION

This court has jurisdiction to decide the motion for 28 USC § 2255 to vacate, set aside, or correct sentence by a person in Federal Custody.

The Supreme Court's Interpretation of application of 18 USC § 1343 (Wire Fraud) declared Congress Intent for the Statute and what the statute meant from the date of its enactment. See United States vs. McKie, (73 F 3d 1149, aa 519 DC Cir. 1996). "It's the Courts responsibility to say what a statute means, and once the court has spoken, it is the duty of other courts' to respect that understanding of the governing rule of law. A judicial construction of a statute meant before as well as after the decision of the case giving rise to the construction. See Rivers vs. Roadway Express, (511 US 298, 128 L. Ed. 2d 274 at 289) See also, Dotson vs. United States, (87 F 3d. 682 5th Cir. 1996), Also, Roe vs. Alabama, (43 F. 3d 1328 5th Cir. 2009) "When this Court construes a statute, it is explaining its understanding of what the statute has meant continuously since the date when it became law". Rivers, 289 Id

Petitioner Johnson is innocent of the conduct for which she stands incarcerated as a result of the Supreme Courts interpretation of 18 USC 1343 § and its relation to (18 USC 1028 A (A)(1)(C) et seq.) Such incarceration "inherently results in a complete miscarriage of justice." See Davis vs. United States, (417 US 333, 346, 41 L. Ed 2d 109 1974).

Petitioner Johnson is convicted and incarcerated on a non-existent offense, so fundamental a defect in her conviction as being imprisoned for a non-existent offense clearly a complete miscarriage of justice.

The Fifth Circuit held in Reyes-Requena vs. United States (243 F. 3d 893 at 904)

"The Savings Clause of § 2255 applies to a claim (1) that is based on a retroactively applicable Supreme Court decision which establishes that the Petitioner may have been convicted of a non-existent offense and (2) that was foreclosed by Circuit law at the time when the claim should have been raised in the Petitioner's trial, appeal, or first § 2255 motion. Under these circumstances, it can be fairly said, in the language of the Savings Clause, that the remedy by a successive § 2255 motion is inadequate or ineffective to test the legality of the Petitioner's detention".

-2-

Decision in Skilling, Black, and Weyhrauch supports this court's jurisdiction in the instant case. Thus, the issues raised in the §2255 motion are properly before this Court in the District in Petitioner Johnson was sentenced.

Petitioner Johnson was sentenced in the Eastern District of Virginia, Norfolk Division.

## ACTUAL INNOCENCE

On June 24, 2010 the United States Supreme Court interpreted 18 USC §1343 and its proper application to the fraud statutes, 18 USC §1341 et. seq. findings, that §1343, which is the definition of "Scheme or artifice to defraud" in the fraud statutes §1341 et. seq. proscribes fraudlent deprivations of the intangible right to honest services. The Supreme Court held that §1343 properly confined covers only bribery and kickback schemes.

These holding were in Skilling v United States, 558 US ___, 129 S ct. 2379, 173 L Ed. 2d 1291 (2009). In making its findings, the United States Supreme Court reviewed the origin and subsequent application of the honest service doctrine.

"In a series of decisions beginning in the 1940's the Court of Appeals, one after another, interpreted the mail fraud statute's prohibition of any scheme or artifice to defraud" to include deprivations not only of money or property, but also of intangible rights. Shushan v United States, 117 F 2d 110, which stimulated the development of the honest service doctrine. Unlike traditional fraud, in which the victim's loss of money or property supplied the defendant's gain with one the mirror image of the other, the honest service doctrine targeted corruption that lacked similar symmetry. While the offender profited, the betrayed party suffered no deprivation of money or property; instead a third party, who had not been deceived, provided the enrichment. Even the scheme occasioned, a money or property gain for the betrayed party, courts reasoned, actionable harm lay in the denial of the party's right to the offender's honest services... By 1982, all Court of Appeals had embraced the honest services theory of fraud.

- 3 -

In 1987, the Supreme Court halted the development of the in tangible rights theory in McNally v United States, 483 US 350, 360, 107 SCt 2875, 97 L Ed 2d 292, which held that bank fraud, wire fraud, and mail fraud statutes was "limited in scope to the protection of property rights". If Congress desires to go further, the court stated, it must speak more clearly." Congress responded the next year by enacting § 1346, which provides, "For the purposes of the chapter L of the US Code that prohibits, inter alia, mail fraud § 1341, wire fraud § 1343 and bank fraud § 1346, the term scheme or artifice to deprive another of the intangible right of honest services".

In interpreting § 1343 and Congress intent for this statute, the Supreme Court stated:

"There is no doubt that Congress intended § 1343 to refer to and incorporate the incorporate the honest-services doctrine recognized in the Courts of Appeals" decision before McNally derailed the intangible right theory of fraud.

The Supreme Court in Skilling:

"that § 1343 criminalizes only the bribe and kickback core of pre-McNally case law." "Because Skilling's alleged misconduct entailed no bribe or kickback, it does not fall within § 1343 proscription."

The Supreme Court further held:

"This interpretive guide is especially appropriate in construing [§ 1343] because... mail fraud, wire fraud and bank fraud are predicate offenses under the Racketeer Influenced and Corrupt Organizations Act. 18 USC § 1961 (i)...." Cleveland v United States, Lewis v United States, 401 US 808 at 812, 912 SCt. 1056, 28 L Ed 2d 493 (1971).

As set out in the statement of facts in the instant case, Petitioner Johnson was charged with wire fraud and aggravated identity theft). (By a trial by Judge) of a scheme to defraud pursuant to 18 USC § 1343 (or mail fraud § 1341) and § 1028A(A)(1); (C). The alleged fraud offense did not involve bribes or kickbacks. As evidenced in Exhibits 1-___.

-4-

In *United States v Black*, 530 F 3d 596 7th Cir 2008. Black was charged with *Mail fraud 18 USC §1341*, however the jury was instructed that it could convict the defendant on the deprivation of the intangible right to honest services. While, the evidence presented to the jury established fraud by a theft of money or property. The United States Supreme Court reversed Black's holding:

"We decided in *Skilling* that §1346, properly confined, criminalizes only schemes to defraud that involve bribes and kickbacks..." *Black v United States*, 554 US ___, 129 S CT 2379, 173 L Ed 1291 (2009)

The Fifth Circuit Court of Appeals stated in *United States v Skilling*, 554 F 3d 529 at 543 5th Cir (2009)

"Both 1341, and 1343, and 1346 § read, whoever having devised or intended to devise any scheme or artifice to defraud or obtaining money or property... Courts read the disjunctive between to defraud and for obtaining money or property as indicating two separate objects of the scheme or artifice. Money or property was one object, and courts construed to defraud to include schemes whose object was the deprivation of intangible rights such as honest services.

It is clear that a "scheme or artifice to defraud" means the deprivation of the intangible right to honest services which the Supreme Court has held involves only bribes and kickbacks. See also, *United States v Rybicki*, 354 F 3d 124 2nd Cir (2003)

In Petitioner *Johnson's* case, the Judge was instructed that it could find the Petitioner *Johnson* guilty of a scheme or artifice to defraud, which the courts have held mean the deprivation of the intangible right to honest services which the Supreme Court has now held in *Skilling* and *Black* criminalizes only schemes to defraud that involve bribes and kickbacks.

-5-

In Petitioner Johnson's case she was also convicted of Wire Fraud 18 USC §1343 and Aggravated Identity Theft 18 USC §1028A(A)(1);(C). The Predicate offense in this (wire) fraud count was the scheme to defraud (deprivation of the right to honest services) of which Petitioner Johnson has made a showing of her actual innocence. Given that Petitioner Johnson conduct was non-criminal as defined by the Supreme Court, there can be no predicate offense upon which §1343 and 1028A(A)(1);(C) could be based.

The Supreme Courts holding that "this interpretive guide is especially appropriate in construing §1343 because bank fraud, and wire fraud, and mail fraud are predicate offenses under the RICO ACT. See Skilling

Petitioner Johnson stands incarcerated on a non-existent alleged criminal offense(s) and her actual innocence of a scheme to defraud and wire fraud is evident in entitling her to release from imprisonment and reversal of her convictions.

Wherefore, Petitioner Johnson prays that the Court grant her petition of Motion 2255 to immediate release from prison on a non-criminal offense and reverse her conviction to which she may be entitled in the proceeding

La'Shan D. Johnson
La'Shan D. Johnson 11743058
Alderson Federal Prison Camp
P.O. Box A
Alderson, WV 24910

-6-

# Certificate of Service

This is to certify that I, La'Shan D. Johnson have served a true and correct copy of the foregoing:

Memorandum and Authorities in Support of Motion under 28 USC § 2255 upon the following addressed, by placing same in sealed envelope, bearing sufficient postage for the delivery via United States mail Service to:

United States District Court, Clerk
Eastern District of Virginia
Norfolk Division

Walter E. Hoffman U.S. Federal Courthouse
600 Granby Street, Room 193
Norfolk, Virginia 23510-1915

Which was hand-delivered to prison authorities at mailroom provided for inmates on the grounds of the Alderson Federal Prison Camp, in Alderson, West Virginia.

8th day of August, 2011

La'Shan D. Johnson
La'Shan D. Johnson 11743058
Alderson Federal Prison Camp
P.O. Box A
Alderson, West Virginia 24910
Pro-Se