FILED
OCT 21 2011
CLERK, US DISTRICT COURT
NORFOLK, VA

October 18, 2011

The Honorable Judge Henry C. Morgan, Jr.
Walter Hoffman United States Federal Courthouse
600 Granby Street
Norfolk, Va 23510

Judge Henry C. Morgan, Jr.

I was advised to write you not only in reference to my Motion (2255 to Vacate, Correct Sentence by a Person in Federal Case, but some issues that in my Pre-sentence report that has caused massive confusion with my case with my Unit Team. They are as follows:

① Per the Social Security Administration my Social Security Number is 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

- On my Presentence report which was prepared by Karen Franklin, two other Social Security numbers were listed:
ⓐ 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
ⓑ 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

Per the information stated on the email and Pre-sentence report sent to my Attorney, Kevin Diamondstein and copied

RECEIVED
U.S. CLERK'S OFFICE
2011 OCT 21  P 4: 42
NORFOLK, VA

CLERK, U.S. DISTRICT COURT
NEWPORT NEWS, VIRGINIA
2011 OCT 24 A 11: 31

RECEIVED

OCT 2 1 2011
CLERK, U.S. DISTRICT COURT

to the U.S. Prosecutor Brian Samuels that these alias social security numbers are linked to me, and were listed on the NCIC and other pertinent information used to prepare the report.

- After careful research involving the Social Security Administration and Unit Team, and other jurisdictions, founded was:

Ⓐ The two social security numbers listed are not mine and should be removed, but several charges listed on the my Pre-Sentence report which enhanced my criminal history points should not be included, and should be removed

① 3/90    Assault and Battery     Guilford, NC
           District Ct.
           3/30/90 guilty 1$ 50 cost

② 94 - served Cabbarus County District Ct.
   ⓐ Forgery - 2 counts misdeamnor - guilty
   ⓑ Obtaining Property False Pretenses - guilty
      (several charges).

③ 96 -  Wake County - Guilford County - Cabbarus Co.
        - worthless checks charges

- (AA) - I was incarcerated in Alderson, West Virginia, and never left the institution. So how could I have been in other jurisdictions, committing crimes. (1996 - 1997)

④ 1/07      Obtain Property by False Pretenses    Wake Co.
             Worthless Checks - Misdemeanor

- Per the documentation received from the Clerk of Court (1 set of charges) 18-month sentence imposed.

@ Per the Pre-sentence report - received an additional two point enhancement for second set of duplicated charge by the preparer.

⑤ 11/08 & 3/10 Forgery, Bank Note     Newport News, Va

Per the documentation received from the Clerk of Court (3 charges, all others nolle process)
- 30 years suspended, for all 3 charges 3 years probation - Probation violation hearing on 3/18/10 - Probation terminated -

- Per the Pre-sentence report - received an additional two-three point enhancement for each date listed duplicated charge by the preparer

- I advised Mr. Bienenstein several times of the errors which he advised would be corrected but was not. Per page 48 of the Pre-Sentence report the original guidelines were 27 to 33 mos. plus 24 mos for Counts 1:6. My guideline level because of the charges duplicated and the charges listed that weren't mine enhanced my criminal history points by 8 points. Per the bullet specified by #21 <u>Victim Impact</u>*

- For <u>crimes of violence</u> as defined in 18 USCS 16, offenses against property (including any offense committed by fraud or deceit) or crimes relating to tampering with consumer products (18 USCS 1365) which occurred subsequent to April 24, 1996, <u>all offenses involving sexual abuse, child abuse, domestic violence or telemarketing fraud</u>, Mandatory Restitution to victims is required pursuant to 18 USC 3663 A.

This statute doesn't pertain to my case, nor was my crime violent, nor does it entail any type of abuse or telemarketing scam.

On June 24, 2010 the United States Supreme Court interpreted (defined) 18 USCS § 1343 (wire fraud) and its proper application to the fraud statutes, 18 USCS § 1341 et.

seq findings that 18 USCS § 1343 (wire fraud) which is the definition of "scheme or artifice to defraud" in the fraud statutes 18 USCS § 1341 et seq proscribes fraudulent deprivations of the intangible right to honest services. The Supreme Court held that 18 USCS § 1343 (wire fraud) properly confined covers <u>only bribery and kickback schemes</u>.

Under 41 USCS § 52(2) the term "<u>kickback</u>" means any money, fee, commission, credit, gift, gratuity, thing of value, or compensation of any kind which is provided, directly or indirectly, to enumerate persons for the purpose of improperly obtaining or rewarding favorable treatment in connection with enumerated circumstances. The term "bribe" means a gift or promise given unethically in return for a favor.

Please review the "Actual Innocence" portion of the addendum/memorandum in support of my motion (2255) which is before your courts.

As set out in the Statement of Facts in the instant case, I Petitioner Johnson was charged with wire fraud and aggravated identity theft (by a trial by judge) of a

scheme to defraud pursuant to 18 USC § 1343 (wire fraud) and 18 USCS § 1028 A (A) (1) : (C) (aggravated identity theft). The alleged fraud did not involve bribes or kickbacks, as evidenced in Exhibits 1-____. Per the statute under 41 USCS § 52(2) - the term "kickback" and "bribes".

With the Supreme Court holding that "this interpretive guide" is especially appropriate in construing 18 USCS § 1343 (wire fraud) because 18 USCS §§ 1341, 1343, 1346 (bank, wire, mail fraud are predicate offenses under the RICO ACT. See Jeffrey Skilling vs United States.

I, Petitioner Johnson stand incarcerated on a non-existent alleged criminal offense and my actual innocence of a "scheme to defraud" and wire fraud is evident in entitling her to release from imprisonment and reversal of her said convictions.

Wherefore, I Petitioner Johnson pray that the Court grant her petition of the said Motion 2255 to immediate release from imprisonment on a non-criminal offense and reverse her said conviction.

Respectfully Submitted,

LaShan Johnson

